JASON R. HULL [11202]
**MARSHALL OLSON & HULL, PC**
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655
JHULL@MOHTRIAL.COM

LYNN A. TOOPS*
AMINA A. THOMAS*
**COHEN & MALAD, LLP**
ONE INDIANA SQUARE, SUITE 1400
INDIANAPOLIS, INDIANA 46204
TELEPHONE: 317.636.6481
LTOOPS@COHENANDMALAD.COM
ATHOMAS@COHENANDMALAD.COM

ATTORNEYS FOR PLAINTIFFS AND
PROPOSED CLASS COUNSEL

SAMUEL J. STRAUSS*
RAINA C. BORRELLI*
**STRAUSS BORRELLI, LLP**
613 WILLIAMSON ST., SUITE 201
MADISON, WI 53703
TELEPHONE: 608.237.1775
SAM@STRAUSSBORRELLI.COM
RAINA@STRAUSSBORRELLI.COM

J. GERARD STRANCH, IV*
MICHAEL C. IADEVAIA*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 ROSA PARKS AVE. SUITE 200
NASHVILLE, TN 37203
TELEPHONE: 615.254.8801
GSTRANCH@STRANCHLAW.COM
MIADEVAIA@STRANCHLAW.COM

*PRO HAC VICE FORTHCOMING

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JORDAN ARRIAZOLA and CODY BAKER, individuals on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANAGEMENT & TRAINING CORP.,<br><br>Defendants. | **COMPLAINT**<br><br>[PROPOSED CLASS ACTION]<br><br>JURY TRIAL DEMANDED<br><br><br>Case No.: 2:24-cv-737 |

Jordan Arriazola and Cody Baker ("Plaintiffs"), individually and on behalf of those similarly situated former employees as defined herein, brings this suit against Management & Training Corporation ("Defendant"), by way of this Class Action Complaint, alleging as follows:

1

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by Plaintiffs individually and on behalf of the other similarly situated persons against Defendant, the employer for WARN Act purposes.

2. Defendant operates a facility located at 805 N. Avenue F. Post, Texas 79356 ("Facility"), where Plaintiffs and the putative class worked.

3. Within 90 days of September 30, 2024, upon information and belief, Defendant abruptly terminated several groups of employees, unilaterally and without proper notice to employees or staff, terminating over 50 employees and at least 33% of active full-time employees, including Plaintiffs, at the Facility.

4. Plaintiffs were both terminated on September 30, 2024, as part of a mass layoff without proper notice.

5. Plaintiffs bring this action individually and other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable result of a mass lay off or plant closing ordered by Defendant on or around September 30, 2024, and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

6. Plaintiffs and other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

9. At all times herein relevant, the Representative Plaintiffs were and are members of the Nationwide class (as defined below).

10. Plaintiff Jordan Arriazola is a citizen of the United States and resident of Lubbock, Texas. Plaintiff Arriazola was employed by Defendant at all relevant times at the Facility. Arriazola was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Arriazola was terminated without cause and did not receive 60 days' notice of termination.

11. Plaintiff Cody Baker is a citizen of the United States and a resident of Lubbock, Texas. Baker was employed by Defendant at all relevant times at the Facility. Baker was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Baker was terminated without cause and did not receive 60 days' notice of termination.

12. Defendant Management & Training Corp., is incorporated in Delaware, registered to do business in Texas, with a corporate headquarters located in Utah, with the address P.O. Box 10, Centerville, UT 84014. As registered with the Utah Secretary of State, Defendant may be served via its registered agent, CT Corporation System, 1108 E South Union Ave, Midvale, UT 84047.

13. Upon information and belief, Defendant conducted business is headquartered in this district, and, at all relevant times, operated the facilities where Plaintiffs and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

14. Defendant made the decision to terminate employees, including Plaintiffs and those

other similarly situated former employees, without 60 days' advance notice, terminating over 50 employees and at least one-third of the workforce.

## FACTS

15. On or about September 3, 2024, Defendant informed a group of employees, including Plaintiffs, at the Facility, that their jobs would be immediately terminated as of September 30, 2024.

16. On information or belief, Defendant, provided notice to the Texas Workforce Commission on September 10, 2024, explaining at least 218 workers will be terminated by September 30, 2024.

17. On September 30, 2024, Plaintiffs and similarly situated employees were all terminated.

18. Defendant did not provide proper WARN Act Notice, 60 days' in advance, as required by 29 U.S.C. §§ 2101 *et seq*. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

19. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

20. By failing to provide its affected employees who were temporarily or permanently terminated on or around September 30, 2024, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

>All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days September 30, 2024.

22. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiffs are members of the class and brings claims typical of the claims of other class members. Plaintiffs have no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3).

   d. Plaintiffs will fairly and adequately represent the class and its interests. Moreover, Plaintiffs have retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4).

23. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

24. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole.

25. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

<u>**COUNT I**</u>
**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101,** *et seq.*
**(*On behalf of Plaintiffs and the putative class*)**

26. Plaintiffs re-allege and incorporates all preceding paragraphs as if set forth in full here.

27. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

28. Plaintiffs and the putative class were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

29. The September 30, 2024 terminations resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. Any terminations occurring within any 90-day period may be aggregated. 29 U.S.C. § 2102(d).

30. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Facility constitutes a single site of employment in that each employee's facility was the location to which relevant

employees were assigned as the home base, the place from which work was assigned, and the place to which they reported for work.

31. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

32. On information and belief, Defendant did not give 60 days' proper written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiffs and the putative class, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give proper written notice to the Texas Workforce Commission, or to the chief elected official of the local government within which the mass layoff was ordered.

33. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about September 30, 2024.

34. As such, Plaintiffs and the putative class are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

35. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

36. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant have no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiffs as the representatives of the Class and counsel of record as Class Counsel.

2. A declaration that Defendant violated the WARN Act;

3. A judgment against Defendant and in favor of Plaintiffs and the putative class for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendant and in favor of Plaintiffs and the putative class for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiffs and the putative class during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiffs and the putative class for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

DATED this 2nd day of October, 2024.

        **MARSHALL OLSON & HULL, PC**

        BY: /s/ Jason R. Hull
           JASON R. HULL

        **STRAUSS BORELLI, LLP**
         SAMUEL J. STRAUSS
         RAINA C. BORRELLI

        **STRANCH, JENNINGS & GARVEY, PLLC**
         J. GERARD STRANCH, IV
         MICHAEL C. IADEVAIA

        **COHEN & MALAD, LLP**
         LYNN A. TOOPS
         AMINA A. THOMAS

        ATTORNEYS FOR PLAINTIFFS AND PROPOSED CLASS COUNSEL