# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **JORDAN ARRIAZOLA and CODY BAKER, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**MANAGEMENT & TRAINING CORP.,**<br><br>**Defendant.** | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Case No. 1:24-cv-00164-RJS-DAO**<br><br>**Chief District Judge Robert J. Shelby**<br><br>**Magistrate Judge Daphne A. Oberg** |

Plaintiffs Jordan Arriazola and Cody Baker and Defendant Management & Training Corporation have entered into a proposed Class Action Settlement Agreement ("Settlement Agreement").[1] Plaintiffs now move the Court for a Preliminary Approval Order which (a) preliminarily approves the settlement embodied in the Settlement Agreement under Federal Rule of Civil Procedure 23(e)(1); (b) conditionally certifies the Settlement Class for purposes of settlement under Rules 23(a) and 23(b)(3); (c) designates Plaintiffs' Counsel as interim Settlement Class Counsel under Rule 23(g)(3); (d) approves the Notice Plan; (e) approves the Allocation Plan; (f) approves the Settlement Administrator; (g) directs that notice be given to the Settlement Class according to the Notice Plan; (h) establishes the time and manner for requesting exclusion from the Settlement Class; (i) schedules the hearing required by Rule 23(e)(2) for hearing Plaintiffs' motions for a Final Approval Order; and (j) schedules a hearing on Plaintiffs' motion for Attorneys' Fees and Costs. Defendant does not oppose the motion.

Having considered Plaintiffs' Motion for Preliminary Approval[2] and all exhibits and other evidence submitted in support, the Court grants Plaintiffs' Motion, as follows:

1. The Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1331 and personal jurisdiction over the Parties.

2. The settlement of this Action may only occur with the Court's approval and is governed by Federal Rule of Civil Procedure 23(e). Under Rule 23(e)(1)(B), the Court will provide for notice of the proposed Settlement Agreement to be sent to proposed Settlement Class Members only if the Parties show "the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ.

---

[1] Capitalized terms not otherwise defined have the meanings given to them in the Settlement Agreement. *See* Dkt. 34-2, *Settlement Agreement*.

[2] Dkt. 34, *Motion for Preliminary Approval of Class Action Settlement*.

1

P. 23(e); *see Cotte v. CVI SGP Acquisition Tr.*, No. 2:21-cv-00299-JNP-DAO, 2023 WL 1472428, at *2 (D. Utah Feb. 2, 2023).

3. To show the Court will likely be able to certify the proposed Settlement Class, Plaintiffs must affirmatively demonstrate compliance with Rule 23, which requires them to show that they meet all four prerequisites under Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Plaintiffs must also show that the proposed Settlement Class satisfies Rule 23(b)(3), which additionally requires (5) predominance and (6) superiority. *See Cotte*, 2023 WL 1472428, at *3.

4. The proposed Settlement Class is defined as follows: the 192 employees of Defendant who were laid off on September 30, 2024, as the result of the Facility's closure, and not later rehired by Defendant.

5. The Court finds that it will likely be able to certify the proposed Settlement Class for purposes of judgment on the Settlement Agreement. Specifically, the Court will likely be able to find that:

   a. The class is so numerous that joinder of all members is impracticable, as there are 192 proposed Settlement Class Members, assuming no exclusions;

   b. There are questions of law or fact common to the proposed Settlement Class based on Defendant's alleged failure to comply with the WARN Act when laying off Settlement Class Members from the Facility on September 30, 2024;

   c. Plaintiffs' claims are typical of the proposed Settlement Class's because they arise from the same alleged violation of the WARN Act;

   d. Plaintiffs will fairly and adequately protect the interests of the proposed Settlement Class;

  e. Questions of law or fact common to proposed Settlement Class Members predominate over any questions affecting only individual Members, as the claims all arise from the same alleged violation of the WARN Act; and

  f. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, as the claims are numerous but each claim individually is not large.

6. To show that the Court will likely be able to approve the proposed Settlement Agreement under Rule 23(e)(2), Plaintiffs must show that the Court will likely find the Settlement Agreement to be fair, reasonable, and adequate, when considering whether (1) the Settlement Agreement was fairly and honestly negotiated; (2) serious legal and factual questions place the Action's outcome in doubt; (3) the immediate recovery is more valuable than the mere possibility of a more favorable outcome after further litigation; (4) the Parties believe the settlement was fair and reasonable; (5) Plaintiffs and Plaintiffs' Counsel have adequately represented the proposed Settlement Class; (6) the proposed Settlement Agreement was negotiated at arm's length; (7) the relief provided to the proposed Settlement Class is adequate; and (8) the proposed Settlement Agreement treats proposed Settlement Class Members equitably relative to each other. *See Cotte*, 2023 WL 1472428, at *2.

7. The Court finds it will likely be able to approve the proposed Settlement Agreement under Rule 23(e)(2). Specifically, the Court will likely be able to find that:

  a. The Settlement Agreement was fairly and honestly negotiated at arm's length after a lengthy mediation before an experienced and unbiased mediator;

  b. Serious legal and factual questions around Defendant's unforeseeable business circumstances and faltering company defenses and other issues place the Action's outcome in doubt;

  c. The relief afforded by the proposed Settlement Agreement is more valuable than the possibility of a more favorable recovery, which would be won, if at all, only after risky and protracted litigation;

  d. The Parties believe the Settlement Agreement is fair and reasonable;

  e. Plaintiffs' and Plaintiffs' Counsel have adequate represented the proposed Settlement Class's interests in negotiating the proposed Settlement Agreement;

  f. The relief afforded by the proposed Settlement Agreement is adequate when taking into account the risks of continued litigation, the effectiveness of the proposed distribution method, and the terms on which Plaintiffs' Counsel may apply for an award of Attorneys' Fees and Costs; and,

  g. The proposed Allocation Plan treats proposed Settlement Class Members equitably to one another by distributing the Net Settlement Fund on a *pro rata* basis according to the WARN Act's scheme for awarding back pay. *See* 29 U.S.C. 2104(a)(1)(A).

8. The Court finds the proposed Notice Plan satisfies Rule 23(e)(1). The Court therefore orders that the proposed Settlement Class be given notice according to the Notice Plan.

9. The Court approves the selection of Verita Global as the Settlement Administrator. The Settlement Administrator is authorized to effectuate the Notice Plan according to the terms of the Settlement Agreement.

10. The Court designates Plaintiffs' Counsel as interim Settlement Class Counsel under Rule 23(g)(3).

11. Proposed Settlement Class Members shall be afforded an opportunity to request exclusion from the proposed Settlement Class. A request for exclusion from the Class must comply with the requirements for form and timing set forth in Exhibit B to the proposed Settlement Agreement. That is, requests for exclusion must be addressed in writing to the Settlement Administrator; include the required personal information; and be postmarked no later than May 20, 2025.

12. Members of the proposed Settlement Class who submit a timely and valid request for exclusion shall be excluded from the proposed Settlement Class and shall not be bound by any judgment as to the Settlement Class. Members of the proposed Settlement Class who do not timely and validly opt out shall be bound by all determinations and judgments in the action concerning the Settlement.

13. A hearing on Plaintiffs' motion for a Final Approval Order shall be held before the undersigned on June 23, 2025 at 3:00 PM at the Orrin G. Hatch United States Courthouse, 351 South West Temple, Rm. 3.100, Salt Lake City, Utah 84101, or via video or teleconference, for the purpose of determining whether the Court shall enter an order which (a) approves the settlement embodied in the Settlement Agreement under Rule 23(e)(2); (b) certifies the Settlement Class for purposes of settlement under Rules 23(a) and 23(b)(3); (c) designates Plaintiffs' Counsel as Settlement Class Counsel under Rule 23(g)(1); (d) provides for entry of final judgment as a separate document under Rule 58(a) dismissing the Action with prejudice, except retaining ancillary jurisdiction to decide Plaintiffs' motion for Attorneys' Fees and Costs, and for Service Awards, and to enforce the terms of the Settlement Agreement.

14. A hearing on Plaintiffs' motion for Attorneys' Fees and Costs, and for Service Awards, shall be held at the same time and place, at the same location, for the purposes of

determining whether the Court shall enter an order which (a) awards Plaintiffs' Counsel their requested Attorneys' Fees and Costs, and (b) awards Plaintiffs their requested Service Awards.

15. Plaintiffs shall file their motions for a Final Approval Order and for Attorneys' Fees and Costs, and for Service Awards, no later than fourteen days before the hearings.

16. Proposed Settlement Class Members shall be afforded an opportunity to object to the terms of the Settlement Agreement. Any objection must comply with the requirements for form and timing set forth in Exhibit B to the proposed Settlement Agreement. That is, a proposed Settlement Class Member's must be addressed in writing to the Settlement Administrator; include the required personal information; and be postmarked no later than June 4, 2025.

17. If the proposed Settlement Class Member or their attorney wishes to speak at the hearing on Plaintiffs' motions, they shall comply with the requirements for form and timing set forth in Exhibit B to the proposed Settlement Agreement. That is, a proposed Settlement Class Member's notice of intent to appear must be addressed in writing to the Settlement Administrator; include the required personal information; and be postmarked no later than June 4, 2025.

18. Any proposed Settlement Class Members who do not make a timely and valid objection shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement Agreement.

19. Any attorney intending to appear at the hearings on Plaintiffs' motions must be authorized to represent a proposed Settlement Class Member, be duly admitted to practice before this Court, and file a written appearance. Copies of the appearance must be served on the Parties' Counsel.

20. Any request for intervention in the Action for purposes of commenting on or objecting to the Settlement Agreement must meet the requirements set forth above, including the

deadline for filing objections, and also must be accompanied by any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention.

SO ORDERED this 4th day of April 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge