# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| **JORDAN ARRIAZOLA and CODY BAKER, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**MANAGEMENT & TRAINING CORP.,**<br><br>Defendant. | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING FEE AWARD, SERVICE AWARDS, AND COSTS**<br><br>**Case No. 1:24-cv-00164-RJS-DAO**<br><br>Assigned Judge: Hon. Robert J. Shelby<br><br>Referred Magistrate Judge: Hon. Daphne A. Oberg |

Plaintiffs Jordan Arriazola and Cody Baker and Defendant Management & Training Corporation have entered into a proposed Class Action Settlement Agreement ("Settlement Agreement").[1] Plaintiffs move the court for a Final Approval Order which (a) approves the settlement embodied in the Settlement Agreement under Rule 23(e)(2); (b) certifies the Settlement Class for purposes of settlement under Rules 23(a) and 23(b)(3); (c) designates Plaintiffs' Counsel as Settlement Class Counsel under Rule 23(g)(1); and (d) provides for entry of final judgment as a separate document under Rule 58(a) dismissing the action with prejudice, except retaining ancillary jurisdiction to enforce the terms of the Settlement Agreement.[2] Plaintiffs concurrently move for an award of attorneys' fees in the amount of $165,000, or one-third of the Settlement Fund; $2,983.15 in litigation expenses; and service awards of $3,000 per class representative, or $6,000 total.[3] This brings the total requested award from the Settlement Fund to $173,983.15.

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement,[4] Plaintiffs' Motion for Fees, Costs, and Service Awards,[5] and all exhibits and other evidence submitted in support, the court grants Plaintiffs' Motions, as follows:

1. The court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1331 and personal jurisdiction over the Parties.

2. The court previously preliminarily approved the proposed Settlement Agreement and directed that notice be given to the proposed Settlement Class according to its terms.[6]

---

[1] Capitalized terms not otherwise defined have the meanings given to them in the Settlement Agreement. *See* Dkt. 34-2, *Settlement Agreement*.

[2] *See* Dkt. 37, *Motion for Final Approval of Class Action Settlement*.

[3] *See* Dkt. 38, *Motion for Fees, Costs, and Service Awards*.

[4] *Motion for Final Approval of Class Action Settlement*.

[5] *Motion for Fees, Costs, and Service Awards*.

[6] Dkt. 35, *Order Granting Preliminary Approval of Class Action Settlement*.

3.  The court held a hearing via videoconference on Plaintiffs' Motions on June 23, 2025 at 3:00 PM, where it heard the arguments of the Parties and any timely objectors and indicated it would grant Plaintiffs' Motions.

4.  The court certifies for settlement purposes only the following Settlement Class: the 192 employees of Defendant who were laid off on September 30, 2024, as the result of the Facility's closure, and not later rehired by Defendant.

5.  The court finds that the Settlement Class satisfies Rules 23(a) and (b)(3). Specifically, the court finds that:

    a.  The Settlement Class is so numerous that joinder of all members is impracticable, as there are 192 Settlement Class Members;

    b.  There are questions of law or fact common to the Settlement Class based on Defendant's alleged failure to comply with the WARN Act when laying off Settlement Class Members from the Facility on September 30, 2024;

    c.  Plaintiffs' claims are typical of the Settlement Class's because they arise from the same alleged violation of the WARN Act;

    d.  Plaintiffs have fairly and adequately protected the interests of the Settlement Class;

    e.  Questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual Members, as the claims all arise from the same alleged violation of the WARN Act; and

    f.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, as the claims are numerous but each claim individually is not large.

6. Considering the work Plaintiffs' counsel has done in investigating these claims, counsel's experience in handling class actions and the types of claims asserted in the action, counsel's knowledge of the applicable law, and the resources committed to representing the class, the court appoints Plaintiffs' Counsel as Class Counsel pursuant to Rule 23(g)(1).

7. The court finds the Settlement Agreement to be fair, reasonable, and adequate under Rule 23(e)(2) and Tenth Circuit law.[7] Specifically, the court finds that:

    a. The Settlement Agreement was fairly and honestly negotiated at arm's length after a lengthy mediation before an experienced and unbiased mediator;

    b. Serious legal and factual questions around Defendant's unforeseeable business circumstances and faltering company defenses and other issues place the action's outcome in doubt;

    c. The relief afforded by the Settlement Agreement is more valuable than the possibility of a more favorable recovery, which would be won, if at all, only after risky and protracted litigation;

    d. The Parties believe the Settlement Agreement is fair and reasonable;

    e. Plaintiffs' and Plaintiffs' Counsel have adequate represented the Settlement Class's interests in negotiating the Settlement Agreement;

    f. The relief afforded by the Settlement Agreement is adequate when taking into account the risks of continued litigation, the effectiveness of the proposed distribution method, and the terms on which Plaintiffs' Counsel may apply for an award of Attorneys' Fees and Costs; and,

---

[7] *See Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993) (citing *Jones v. Nuclear Pharmacy, Inc.,* 741 F.2d 322, 324 (10th Cir.1984)).

3

  g. The Allocation Plan treats Settlement Class Members equitably to one another by distributing the Net Settlement Fund on a pro rata basis according to the WARN Act's scheme for awarding back pay.[8]

8. The court finds the Settlement Class was given reasonable and adequate notice under the Notice Plan.

9. The court finds that Settlement Class Members were given reasonable and adequate opportunities to request exclusion and to object to the Settlement Agreement, and no Settlement Class Members requested exclusion or otherwise objected to the Settlement Agreement.

10. The court finds Class Counsel's requests for attorneys' fees in the amount of $165,000,[9] litigation expenses in the amount of $2,983.15, and service awards of $3,000 per class representative are reasonable and well within the applicable range of reasonable awards established by relevant precedent. Class Counsel and Plaintiffs are entitled to the total requested award of $173,983.15 to be paid from the Settlement Fund.

11. Final judgment will be entered by a separate document under Rule 58(a) dismissing the action with prejudice, except retaining ancillary jurisdiction to enforce the terms of the Settlement Agreement.

SO ORDERED this 24th day of June 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[8] *See* 29 U.S.C. § 2104(a)(1)(A).

[9] This amount is approximately one-third of the Settlement Fund.